**George Philimon GUTIERREZ, Petitioner/Appellant,**

v.

**Terry L. STEWART; John Hallahan; Arizona Attorney General, Respondents/Appellees.**

No. 03–16024.

D.C. No. CV–99–00708–ROS.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Nov. 1, 2004.

David Edward Lipartito, Attorney at Law, Tuscon, AZ, for Petitioner–Appellant.

Diane M. Ramsey, Phoenix, AZ, for Respondent–Appellee.

Before OAKES,** KLEINFELD, and CALLAHAN, Circuit Judges.

MEMORANDUM***

George P. Gutierrez appeals from the August 7, 2002, order of the United States District Court for the District of Arizona, Roslyn O. Silver, Judge, denying his *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Judge Silver granted a certificate of appealability for two issues raised in the sixth ground of appellant's petition: "search and seizure under the Fourth Amendment; ineffectiveness of trial counsel failing to object to evidence from search and seizure," and denied as to all other issues.

Upon considering the questions certified for appeal, we affirm the district court's denial of the application.

Gutierrez has not shown that he was denied an opportunity for full and fair litigation of his Fourth Amendment claim, and he is procedurally barred from raising it on habeas. *Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Because Gutierrez's state court petitions failed to specify what evidence ought to have been excluded, he failed to exhaust his claim and was procedurally barred from raising it. Furthermore, we agree with the district court's determination that the Fourth Amendment claim had no merit because Gutierrez had not established that the state court's ruling was contrary to *Minnesota v. Olson,* 495 U.S. 91, 96, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990), because it was likely that exigent circumstances existed.

Guttierez also cannot claim that counsel's performance fell below objective standards of reasonableness or that he was prejudiced by counsel's deficient performance. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Given counsel's legitimate strategy of defending solely on the theory that he lacked the requisite mental state, and given the quantum of evidence, other than that found in the search of the girlfriend's apartment, tending to prove that Gutierrez committed the offense, counsel was not ineffective for failing to file a motion to

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Hon. James L. Oakes, Senior Circuit Judge of the U.S. Court of Appeals for the Second Circuit, sitting by designation.

suppress or to object to the evidence as fruit of an allegedly warrantless search. Moreover, Gutierrez has not demonstrated that had counsel moved to suppress the warrantless search the motion would have been successful.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.